**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Guilber Antonio Gonzalez Aguilar,
Petitioner,
v.
Eric Rokosky, et al.,
Respondents.

No. CV-26-01355-PHX-KML (CDB)

**ORDER**

In March 2026, the court granted petitioner Guilber Antonio Gonzalez Aguilar's petition for a writ of habeas corpus, ordering that he be "immediately release[d] . . . from custody under the same conditions that existed before his detention." (Doc. 10 at 1.) A month later, Gonzalez Aguilar filed a motion to compel compliance with that order. (Doc. 13.) Gonzalez Aguilar's motion argued that although respondents released him as the court required (*see* Doc. 12), they imposed significantly different conditions than when he was initially released from the custody of the Office of Refugee Resettlement as an unaccompanied minor. (Doc. 13 at 2-4.) Gonzalez-Aguilar provided an I-220A document showing that his March 2026 release conditions included reporting to an ICE office, enrolling and successfully participating in the Alternatives to Detention program, and registering for substance abuse and sexual deviancy counseling programs. (Docs. 13 at 3-4; 13-2 at 1-2.)

Respondents timely responded to Gonzalez Aguilar's motion to compel after the court ordered them to do so. (Docs. 14, 15.) They argued Gonzalez Aguilar was released

on an Order of Recognizance ("OREC") before his detention and was required to check in only so he could be released on an OREC again. (Doc. 15 at 1-2.) Respondents did not address Gonzalez Aguilar's contention regarding new conditions and appear to believe that releasing him under the same *type* of order satisfies the court's "same conditions" requirement. (*See* Doc. at 1-2.) A declaration they provided reinforces this inference. (*See* Doc. 15-1 at 3 ("On May 27, 2022, the Petitioner was released from ICE custody . . . due to being a minor and was served [OREC] paperwork. . . . On March 24, 2026, the Petitioner was released from ICE custody on OREC due to District Court Order [*sic*].").) In reply, Gonzalez Aguilar argued the declaration was "riddled with untrue assertions and factual inaccuracies" and reiterated that he had not previously been required to attend check-ins or follow other conditions now imposed on him. (Doc. 16 at 3-4.) Respondents filed nothing further.

A movant bears the initial burden on a motion to compel compliance with a judgment. *Marco Antonio B.R. v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00810-TLN-CSK, 2026 WL 2110860, at *1 (E.D. Cal. July 22, 2026). If the movant shows by clear and convincing evidence that there has not been compliance with the order, the burden shifts to the opposing party to demonstrate why it was unable to comply. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

Gonzalez Aguilar has met his initial burden of showing respondents did not fully comply with the habeas order. Complying with an order requiring immediate release "under the same conditions that existed before [a petitioner's] detention" (Doc. 10 at 1) demands that any new release conditions restrain a petitioner's liberty in the same manner and to the same degree as those previously imposed. *Cf. Yousefian v. City of Glendale*, 779 F.3d 1010, 1015–16 (9th Cir. 2015) (holding there to be no injury where conditions restrain liberty "in exactly the same manner and to precisely the same degree" as those otherwise applicable); *cf. also Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (requiring factual comparison between conditions of confinement to determine effect on protected liberty interests). Gonzalez Aguilar's evidence shows he was subject to new conditions that

restricted his liberty in additional ways following his detention. (*See* Docs. 13 at 3-4; 13-2 at 1-2.) The burden then shifted to respondents to oppose the motion. *Affordable Media*, 179 F.3d at 1239.

Setting aside potential factual inaccuracies in the declaration they provide, respondents do not meet that burden because they do not address the conditions governing Gonzalez Aguilar's release before and after his 2026 detention. In arguing essentially that "OREC is the same as OREC," respondents have waived an argument that the additional (new) conditions were properly applied. *See Altman v. Cnty. of Santa Clara*, No. 21-15602, 2023 WL 33345, at *2 (9th Cir. Jan. 4, 2023) (failure to raise an argument in supplemental briefing may constitute a waiver); *Walsh v. Nevada Dep't of Hum. Res*., 471 F.3d 1033, 1037 (9th Cir. 2006) (party who previously made claim but fails to respond to argument undermining it has "effectively abandoned" it and "cannot raise it on appeal"). Accordingly, Gonzalez Aguilar's Motion to Compel Compliance with Court Order (Doc. 13) is granted.

/

/

/

/

/

/

/

/

/

/

/

/

/

/

**IT IS THEREFORE ORDERED** petitioner's motion to compel compliance with court order (Doc. 13) is **granted**. Within **seven days of the date this order is docketed**, respondents are ordered to:

(1) Remove requirements that the Petitioner report for ICE check-ins as a condition of his release.

(2) Remove requirements that the Petitioner enroll in any Alternatives to Detention (ATD) programs, including the use of ankle bracelet monitoring, curfews, or other restrictions on the Petitioner's liberty, as conditions of his release.

(3) Remove any and all other conditions on Petitioner's release that did not exist prior to his re-detention, including but not limited to: registration in a substance abuse program; registration in a sexual deviancy counseling program; sex offender registration; and written verification of compliance with parole or probation reporting requirements or doctor's orders.

Dated this 19th day of October, 2026.

Honorable Krissa M. Lanham
United States District Judge